IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JAMES MACK                                                                        PLAINTIFF


V.                                    CIVIL NO. 4:11-cv-04009


SHERIFF RON STOVALL; and
CAPTAIN JACK HEINTZLEMAN                                            DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        Plaintiff James Mack filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 18,

2011.  ECF No. 1.  Now before the Court is Plaintiff's continuous failure to comply with the

Court's orders and prosecute this case.

        Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan

O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  After careful consideration, the undersigned makes the

following Report and Recommendation.

I.        **BACKGROUND**

        At the time he filed his Complaint, Plaintiff was an inmate of the Miller County Detention

Center ("MCDC") in Texarkana, Arkansas.  Plaintiff's address of record indicates he is currently

incarcerated in the Arkansas Department of Corrections East Arkansas Regional Unit in Brickeys,

Arkansas ("ADC").

        In Plaintiff's Complaint, he alleges Defendants placed him punitive lock down without

diciplinary process for thirty (30) to fifty (50) days.  ECF No. 1, pp. 4-5.  Plaintiff also alleges

Defendant Heintzleman used excessive force against him.  ECF No. 1, p. 5.

On October 15, 2012, Defendants filed a Motion for Summary Judgment in this matter.

ECF No. 18.  On October 23, 2012, the Court ordered Plaintiff to complete and return a form

indicating whether he would like the Court's assistance in responding to Defendants' Motion for

Summary Judgment ("the Form").  ECF No. 21.  Plaintiff was directed to return the form to the

Court no later than November 20, 2012.  ECF No. 21.  Plaintiff failed to return the form or

respond to Defendants' Motion for Summary Judgment.  The October 23, 2012 Order was not

returned to the Court as undeliverable.

On May 2, 2013, the Court entered an Order to Show Cause directing Plaintiff to show

cause why he failed to comply with the Court's October 23, 2012 Order.  ECF No. 22.  The Order

to Show Cause also directed Plaintiff to complete and return the Form no later than May 20, 2013.

ECF No. 22.  Plaintiff failed to respond to the Court's Order to Show Cause, and the Order to

Show Cause has not been returned to the Court as undeliverable.

## II.    APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from

complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently
> . . . If any communication from the Court to a *pro se* plaintiff is not responded to
> within thirty (30) days, the case may be dismissed without prejudice.  Any party
> proceeding *pro se* shall be expected to be familiar with and follow the Federal
> Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.    DISCUSSION

Plaintiff has failed to comply with two Court orders—Court's October 23, 2012 Order and the Court's May 2, 2013 Order to Show Cause.  Plaintiff has also failed to prosecute this case. He has not responded to Defendants' Motion for Summary Judgment filed on October 15, 2012 and has not communicated with the Court since initially filing this case in January 2011—over eighteen months.

Because the Court's Orders sent to Plaintiff at the ADC were not returned as undeliverable, the Court presumes Plaintiff received the Orders and willfully disobeyed them.  Therefore, pursuant

to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's complaint be dismissed with prejudice.  *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of July 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE